2018 PA Super 276

| | | |
|---|---|---|
| JANICE BERRY, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES D. BERRY | : | |
| | : | No. 1766 MDA 2017 |

Appeal from the Order Entered October 16, 2017
In the Court of Common Pleas of Clinton County
Civil Division at No(s):  1073-2013

BEFORE:  OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

CONCURRING AND DISSENTING STATEMENT BY OLSON, J.:

**FILED OCTOBER 11, 2018**

I agree with almost everything contained in the learned majority's meticulous and well-written opinion.  However, I would not hold that the death of Charles D. Berry ("Husband") automatically abates the divorce litigation.  Instead, I would remand for a hearing, for the trial court to determine whether Husband and Janice Berry ("Wife") were competent during the underlying proceedings.

As the majority notes, there are a number of references in the certified record as to Husband's and Wife's competency and alleged dementia.  However, I do not believe that we, as an appellate court, should make the determination based on the record before us that Husband and Wife were, in fact, incompetent and, therefore, the divorce decree must be vacated.  This

determination should be made by the trial court in the first instance.[1]  *See* Pa.R.C.P. 2056(d).  Upon remand, an evidentiary hearing should be held by the trial court to determine whether both Husband and Wife were competent during the divorce proceedings.[2]  If the trial court finds that they both were competent, then I believe that the divorce decree should remain in effect, because the trial court has already determined that grounds for divorce were established under 23 Pa.C.S.A. § 3301(d).  On the other hand, if the trial court determines that either or both parties were incapacitated during the underlying proceedings, then I agree that the divorce litigation would abate, as the incapacitated person was not represented by a guardian or guardian *ad litem*.  If this were to occur, the trial court should vacate the divorce decree and the subsequent equitable distribution order.  Thus, on this limited basis, I dissent.

_____

[1] Even though Husband has died, I believe that the trial court can still make a determination upon remand as to the competency of both Husband and Wife at the time of the divorce proceedings.  In will contests, trial courts are called upon to make a determination as to a decedent's competency at the time a will is executed.  Similarly, the trial court can make a decision as to Husband's and Wife's competency at the time of the divorce proceedings.

[2] This determination may be made by the trial court.  Contrary to the trial court's statement made during the proceedings (Notes of Testimony, 7/5/17, at 3), the question of the parties' competency need not be made by the orphans' court.  **See** Pa.R.C.P. 2056(e) ("A finding of competency shall be based either on evidence presented to the court in which the action is pending, or on an adjudication of incapacity entered by a court of competent jurisdiction.").